995 So.2d 1249 (2008)
Randolph SCOTT
v.
DEPARTMENT OF HOUSING & NEIGHBORHOOD DEVELOPMENT.
No. 2008-CA-0919.
Court of Appeal of Louisiana, Fourth Circuit.
October 1, 2008.
James E. Stovall, Covington, LA, for Plaintiff/Appellant.
Penya Moses-Fields, City Attorney, Nolan P. Lambert, Chief Deputy City Attorney, Victor L. Papai, Jr., Assistant City Attorney, Matthew G. Altaras, Law Clerk, New Orleans, LA, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MAX N. TOBIAS, JR., Judge ROLAND L. BELSOME).
MAX N. TOBIAS, JR., Judge.
Randolph Scott ("Scott"), the plaintiff/appellant, appeals a summary disposition *1250 by the Civil Service Commission of the City of New Orleans ("CSC"), determining that the City of New Orleans ("City") was not required to rehire or reinstate him. For the reasons that follow, we affirm.[1]
Scott was employed by the City. On 29 August 2005, Hurricane Katrina struck and devastated the City. Scott and many other classified City employees were formally laid off from work on 14 October 2005 pursuant to a general administrative order known as Rule 11, § 4.1. Scott applied for reinstatement and was interviewed for a couple of positions, but was not reinstated. He complains that the City and Department of Housing and Neighborhood Development ("DHND")[2] (collectively, the "Appointing Authority") ignored his eighteen plus years of experience, his seniority, and his status as an honorably discharged veteran of the United States military and refused to reinstate him.
On 25 August 2006, Scott filed an appeal with the CSC asserting his "non selection for [a] classified position." [Emphasis in original.] In that appeal, Scott averred that he held the position of Housing Specialist I or a "position in the Administrative Analyst series" before Hurricane Katrina struck. He complained that he interviewed after Hurricane Katrina with the New Orleans Police Department, but was not selected for reinstatement as an Administrative Analyst III. He further complained that he interviewed for the position of Administrative Analyst III with the City's Office of Emergency Preparedness, but was not selected for that position. He asserted that his non selection was arbitrary because of his experience and "tenure." He alleged that the City's hiring process permitted a classified employee with less tenure and experience to be selected by the Appointing Authority for a position over a classified employee having more tenure and experience.
Additionally, before the CSC, Scott complained that he was given no appeal rights from the 14 October 2005 general order issued because of Hurricane Katrina, and asserted that a five-judge panel of this court, in Banks v. City of New Orleans, 06-1513, unpub. (La.App. 4 Cir. 5/3/06), ___ So.2d ___,[3] held that layoffs and terminations by the City were appealable to the CSC. He asserted that the Appointing Authority failed to advise him of his appeal rights under Rule IX, § 1.4, and that until he was so advised, the delay for appealing the Appointing Authority's action did not commence to accrue.
On 4 October 2006, the City filed a motion for summary disposition of Scott's case, asserting that the action of the Appointing Authority was not a disciplinary action under CSC Rule II, § 4.1. The CSC held that Scott stated no grounds for appeal, granted summary disposition, and dismissed the appeal. Specifically, the CSC held:
The procedure of certifying multiple candidates to an appointing authority is *1251 standard practice in civil service systems. A similar rule is found in the State of Louisiana's Civil Service Rules Chapter 8, Section 8.9 and in the rules governing appointment in the federal civil service. [Citation omitted.]
There is nothing in either the Rules of this Commission nor in the Louisiana State Constitution of 1974 that requires the use of seniority-based re-hire lists.
Scott avers that the CSC's decision was not transmitted to him until 3 June 2008. Although the record before us fails to disclose whether this is true or not, for purposes of our review, we assume it to be so.
Our standard for review of this case is whether the CSC's decision as to the operative facts was arbitrary, capricious, or characterized by abuse of discretion. La. R.S. 49:964 G. However, we review questions of law de novo. Russell v. Mosquito Control Bd., 06-0346, p. 8 (La.App. 4 Cir. 9/27/06), 941 So.2d 634, 640.
In this appeal, Scott assigns four errors that we group into three: (1) the CSC failed to conduct a hearing whereat he, Scott, could present evidence of re-hiring ranking; (2) the Appointing Authority failed to consider his military preference ranking and seniority; and (3) the CSC's failed to advise him of the CSC's decision until more than two years after the reinstatement preference period had expired. We discuss the first two assignments as one. We do not, however, address the third assignment because Scott does not brief or argue it; it is deemed abandoned. Unif. Rules, La. Cts. of App., Rule 2-12.4.
CSC rules regulate layoffs. The rules require that a special and separate reemployment list be established for a period of two years from the date of a general layoff such as that of 14 October 2005. The rules further require that seniority be considered and veterans be given a preference.
CSC Rule II, § 4.1 grants appeals to individuals who have been disciplined by the appointing authority. However, reinstatement to a lower classification, layoff, or transfer is not discipline. Id. The failure to rehire Scott is not a matter of discipline. Ergo, the rule affords Scott no relief. Similarly, CSC Rule XII, § 1.1 states that personnel actions implemented during a layoff "including ... reinstatements" are not disciplinary in nature and thus no appeal lies to the CSC.
Following Hurricane Katrina, the CSC changed Rule XII, § 6.4. The changed rule does not require rehired employees to be ranked according to seniority. Rather, all employees who have been laid-off are organized into "bands" of different classes of former employees. An individual within a higher ranked band is given preference to an individual in a lower ranked band for the purpose of reemployment. No distinction is made between members of the same band. Id. The CSC rules do not require seniority-based rehiring lists within the bands.[4] The record is devoid of any evidence that any individual who was hired for a position for which Scott applied was a member of a lower band on the register for reemployment. *1252 Similarly, the record is devoid of evidence that even if Scott's veteran status were to be considered, any position for which he applied was filled with an individual from a lower band.
For the foregoing reasons, we find no merit to any of Scott's arguments. We therefore affirm the decision of the CSC.
AFFIRMED.
BELSOME, J., concurs in the result.
NOTES
[1] The record on appeal consists of eleven pages, excluding the briefs of the appellant and appellee. Thus, the record is devoid of substantial factual evidence. We derive our facts primarily from the briefs of the parties because the eleven pages of the record fail to disclose much information.
[2] Before Hurricane Katrina struck the City, Scott was employed in the DHND.
[3] We find Banks inapplicable to the case at bar. Our holding in Banks was merely that the Civil District Court for the Parish of Orleans had no jurisdiction over civil service matters, same being reserved exclusively to the CSC.
[4] The rule implements La. Const. art. X, § 10(3), that states in pertinent part:

When a position in the classified service is abolished, or needs to be vacated because of stoppage of work from lack of funds or other causes, preference employees (ex-members of the armed forces and their dependents as described in this Section) whose length of service and efficiency ratings are at least equal to those of other competing employees shall be retained in preference to all other competing employees.